**FOX ROTHSCHILD LLP**
Karen A. Confoy
Perla M. Kuhn (*pro hac vice* application forthcoming)
Paul W. Kalish
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Phone: (609) 844-3033
Fax: (609) 896-1469
kconfoy@foxrothschild.com
pkuhn@foxrothschild.com
pkalish@foxrothschild.com
*Attorneys for Plaintiffs La Fabril, S.A.*
*and Family Food Distributors, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LA FABRIL, S.A. and FAMILY FOOD DISTRIBUTORS, INC., <br><br> Plaintiffs, <br><br> v. <br> MI TIERRA FOODS, LLC and JOHN DOES 1-10, <br> Defendants. | Civil Action No. 2:21-cv-18150-SDW-LDW <br><br> **FINAL JUDGMENT BY DEFAULT AWARDING DAMAGES, PERMANENT INJUNCTION AND RELATED RELIEF** |

This Court, having considered the Motion by Plaintiffs La Fabril, S.A. ("La Fabril") and Family Food Distributors, Inc. ("Family Food"), by and through counsel Fox Rothschild LLP, for entry of default judgment against Defendant Mi Tierra Foods, LLC ("Mi Tierra"), including Plaintiffs' Memorandum of Law, the well pleaded allegations of the Complaint, and exhibits attached thereto, hereby makes the following findings of fact and conclusions of law and enters Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) with permanent injunction against Mi Tierra:

127877790.3

WHEREAS, Plaintiffs filed the Complaint on October 6, 2021 against Mi Tierra, alleging various causes of action including trademark infringement, false advertising and unfair competition relating to the manufacture, purchase, sale and distribution of counterfeit and infringing LA FAVORITA ACHIOTE® Vegetable Oil products. (ECF No. 1, Complaint); and

WHEREAS, Plaintiffs properly served Mi Tierra with the Summons, Complaint and all supporting papers in this action (ECF No. 7); and

WHEREAS, Mi Tierra failed to plead or otherwise defend in this action; and

WHEREAS, the Clerk entered Default against Mi Tierra on November 5, 2021;

WHEREAS, this Court makes the following Findings of Fact and Conclusions of Law:

**Findings of Fact**

1.      This is an action for (1) federal trademark counterfeiting (15 U.S.C. § 1114) (Count 1); (2) trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) (Count 2); (3) false advertising, in violation of the Lanham Act (15 U.S.C. § 1125(a)) (Count 3); (4) trademark, false designation of origin, and unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count 4); (5) trademark infringement under the New Jersey Trademark Act (N.J.S.A. 56:3-13a, et seq.) (Count 5); (6) unfair competition under New Jersey Unfair Competition Act (N.J.S.A. 56:4-1, et seq.) (Count 6); (7) trademark infringement under New Jersey common law (Count 7); and (8) interference with contractual relations under New Jersey common law (Count 8).

2.      La Fabril is the owner of all right, title, and interest in and to the following federal trademark registration (hereinafter referred to as the "LA FAVORITA ACHIOTE® Trademark") issued by the United States Patent and Trademark Office ("USPTO"): U.S. Registration No. 6460207. Complaint ¶ 28, Exhibit B.

3.      La Fabril manufactures, exports, markets, and sells "LA FAVORITA ACHIOTE" brand foods oils and spreads products, including LA FAVORITA ACHIOTE® vegetable oil ("LA FAVORITA ACHIOTE® Vegetable Oil"), among other products, in the United States. *Id.* ¶ 23.

4.      La Fabril's LA FAVORITA ACHIOTE® Vegetable Oil is exclusively manufactured in Ecuador and exported to the United States under La Fabril's quality control standards for shipment, distribution and storage. *Id.* ¶ 24

5.      Family Food, as an exclusive La Fabril Distributor, distributes LA FAVORITA ACHIOTE® Vegetable Oil to wholesale stores and retailers in New Jersey, New York, Connecticut and Massachusetts. *Id.* ¶ 26

6.      Because of the sales history of LA FAVORITA ACHIOTE® Vegetable Oil, and the longevity of the brand, among other factors, La Fabril has developed substantial goodwill and a reputation among consumers in the United States as the exclusive original source of all high-quality LA FAVORITA ACHIOTE® Vegetable Oil, in the United States. La Fabril has become known, nationwide, as the exclusive and only source of authentic LA FAVORITA ACHIOTE® Vegetable Oil in the United States. *Id.* ¶ 30.

7.      As an exclusive distributor for all of La Fabril's high-quality LA FAVORITA ACHIOTE® Vegetable Oil, Family Food has developed substantial goodwill and a reputation with consumers in the United States. *Id.* ¶ 32.

8.      Mi Tierra is engaged in acquiring and selling, or otherwise distributing infringing and counterfeit LA FAVORITA ACHIOTE® Vegetable Oil. *Id.* ¶ 33.

9.      Mi Tierra buys authentic LA FAVORITA ACHIOTE® Vegetable Oil in Ecuador, which bears a label in Spanish for sale in Ecuador, removes the original label, and replaces it with an altered and fake label in English ("Counterfeit Label"). Mi Tierra then imports or causes to be

127877790.3

imported the Infringing Vegetable Oil in look-alike packaging containing infringing and counterfeit versions of the LA FAVORITA ACHIOTE® Trademark creating the false commercial impression that the Infringing Vegetable Oil is Fabril's LA FAVORITA ACHIOTE® Vegetable Oil, when it is not, because it is no longer subject to La Fabril's quality control standards and because it includes false and misleading statements including that Family Food is the distributor of the Infringing Vegetable Oil with Counterfeit Labels. *Id.* ¶ 34.

10.     Mi Tierra applies the Counterfeit Label to its Infringing Vegetable Oil without La Fabril's permission, or under any license(s) from La Fabril; and the Counterfeit Label is not made with any authority to use La Fabril's LA FAVORITA ACHIOTE® Trademark. *Id.* ¶ 36.

11.     The Infringing Vegetable Oil differs from La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil sold to Family Food in material ways, including that it bears a Counterfeit Label, is not subject to strict and exacting quality control standards regarding storage and distribution, and is not stored and sold under known and verifiable conditions like those for La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil exported to the United States and sold exclusively by Family Food. *Id.* ¶ 39.

12.     La Fabril has no way to determine what conditions the Infringing Vegetable Oil has been subjected to once it leaves La Fabril's supply chain. *Id.* ¶ 40.

13.     La Fabril, therefore, has no way to determine the conditions of storage and transportation of the Infringing Vegetable Oil, and consumers likewise cannot verify that the particular products they purchase meet with their high expectations for La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil. *Id.* ¶ 41.

14.     Mi Tierra is a professional seller of various food products including vegetable oil. *Id.* ¶ 47.

127877790.3

15.     Mi Tierra did not include any information on the Counterfeit Label notifying customers that the goods were repackaged. *Id.* ¶ 51.

16.     The Infringing Vegetable Oil has distinct quality differences from La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil, namely, it is not subjected to any known quality control standards in the storage and distribution of the products, the Counterfeit Label displays a different website for Family Food on the label than La Fabril's LA FAVORITA ACHIOTE® Vegetable Oil, it has a different colored cap on the bottle, and the Counterfeit Label has different spacing and colors and it gives Family Food's telephone number as the for use by customers. *Id.* ¶ 54.

17.     La Fabril has had contractual relations with Family Food since 2011 and Family Food has been under contract since 2011 to be the exclusive distributor for LA FAVORITA ACHIOTE® Vegetable Oil in the United States. *Id.* ¶ 128.

18.     Mi Tierra's interference was intentional, as it intentionally purchased La Fabril's LA FAVORITA ACHIOTE® Vegetable Oil and repackaged it with a Counterfeit Label. *Id.* ¶ 129.

19.     Mi Tierra knew or should have known that Family Food had a contractual relation with La Fabril because the Counterfeit Label states "Distributed by Family Food Distributors, Inc" and lists the Family Food website. *Id.* ¶ 130.

20.     La Fabril and Family food have suffered damages in the form of Family Food's reduced distribution of La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil. *Id.* ¶ 130.

## Conclusions of Law

1.     "A default judgment may be entered 'against a properly served defendant who fails to file a timely responsive pleading.'" *Morey Metal Indus. Inc. v. Donald McArthy Trading PTE Ltd.*, Civ. A. No. 17-2182 (BRM)(TJB), 2018 WL 576836, *2 (D.N.J. Jan. 26, 2018) (quoting

*Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008)).

2.      Default judgment may be entered where (1) a court has personal and subject matter jurisdiction; (2) service of process was proper; (3) the Complaint sufficiently pleads a cause of action; and (4) damages are proven. *Id.* (citing *Days Inn Worldwide, Inc. v. Jinisha Inc.*, No. 14-cv-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)).

3.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367, and the principles of supplemental jurisdiction.

4.      Venue is proper is this District pursuant to 28 U.S.C. § 1391.

5.      This Court has personal jurisdiction over Mi Tierra as it is an entity registered in the State of New Jersey, with its principal place of business within New Jersey

6.      To establish claims under both 15 U.S.C. § 1114(1)(a) and 15 U.S.C. § 1125(a), a plaintiff must show that it "(1) has a valid and legally protectable mark; (2) owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *Audi AG*, 2019 WL 1951166, at *3 (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)).

7.      "A certificate of registration issued by the United States Patent and Trademark Office constitutes prima facie evidence of the validity and ownership of a disputed mark." *Coach, Inc. v. Cosmetic House*, No. 10-cv-2794, 2011 WL 1211390, at *2 (D.N.J. Mar. 29, 2011) (citing 15 U.S.C. § 1057(b), § 1115(a)).

8.      Plaintiffs have provided the valid trademark registration for the LA FAVORITA ACHIOTE® Trademark to their Complaint and have alleged that La Fabril owns and exclusively

uses the trademark in the United States. Complaint ¶¶ 28-30, Ex. B. Plaintiffs have therefore established the first two requirements for the Lanham Act claims.

9.      A "likelihood of confusion" exists "when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark.'" *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3rd Cir. 1991) (internal citation and quotation omitted).

10.     Courts in the Third Circuit examine ten factors in evaluating likelihood of confusion between two marks. *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3rd Cir. 1983) (citation omitted). "A district court should utilize the factors that seem appropriate to a given situation." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 216 (3rd Cir. 2000).

11.     Mi Tierra's Infringing Vegetable Oil bears the exact same mark as La Fabril's LA FAVORITA ACHIOTE® Trademark, and is used on the same good, vegetable oil, since it is a relabeled product. Complaint ¶¶ 31-45. Thus, Plaintiffs have demonstrated that consumers are likely to be confused by Mi Tierra's use of the LA FAVORITA ACHIOTE® Trademark. *Id.*

12.     Because La Fabril has established it owns a valid and protectable trademark registration, and Plaintiffs have shown that Mi Tierra's use of the registered trademark without authorization is likely to cause confusion, Plaintiffs are entitled to a default judgment on their Lanham Act trademark infringement and false designation of origin claims.

13.     Because the Lanham Act trademark infringement claim has been established, Plaintiffs must only demonstrate that the infringement was willful to establish their claim for trademark counterfeiting. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536-37 (D.N.J. 2008) (citation omitted).

127877790.3

14.    Here, Plaintiffs have alleged sufficient facts to demonstrate that Mi Tierra's infringing conduct was willful. Plaintiffs have alleged that the Mi Tierra is a professional seller of various food products including vegetable oil, and as such, knew or should have known of the labeling requirements for food products in the United States. Complaint ¶¶ 47-48. Mi Tierra also knew or should have known that La Fabril was the exclusive source of LA FAVORITA ACHIOTE® Vegetable Oil exclusively distributed by Family Food in the United States. Id. ¶ 49. Mi Tierra produced a counterfeit label with the intention of deceiving La Fabril's customers into believing the Infringing Vegetable Oil was sold in La Fabril's supply chain, and Mi Tierra did not include any information on the counterfeit label that the goods were repackaged. Id. ¶¶ 50-51. Mi Tierra knew the Infringing Vegetable Oil is not affiliated with or approved by La Fabril or Family Food. Id. ¶ 52.

15.    To demonstrate false advertising under the Lanham Act, a plaintiff must show 1) that a defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc. *Groupe SEB USA, Inc. v. Euro– Pro Operating LLC*, 774 F.3d 192, 198 (3rd Cir. 2014) (internal quotation and citation omitted).

16.    Plaintiffs have satisfied these elements by alleging that Mi Tierra has made false or misleading statements concerning its Infringing Vegetable Oil in that the product falsely asserts that it was "Distributed by Family Food Distributors, Inc." and that it was authorized to be distributed by La Fabril as authentic LA FAVORITA ACHIOTE® Vegetable Oil. Complaint ¶¶ 52-54. These statements about the Infringing Vegetable Oil are likely to deceive consumers, and

to be material to consumers purchasing the Infringing Vegetable Oil as consumers believe they are obtaining vegetable oil that has not been subjected to the same high quality control standards as La Fabril's authentic LA FAVORITA ACHIOTE® Vegetable Oil which has been distributed by Family Food in the United States, but they are not. *Id.* ¶¶ 34-41, 54. The goods traveled in interstate commerce because they were imported from Ecuador and then offered for sale in New Jersey. Id. ¶¶ 34, 43. Additionally, the sale of the Infringing Vegetable Oil bearing the false statements is likely to cause damage to Plaintiffs in the marketplace and to their goodwill. *Id.* ¶¶ 54-61.

17.    "The requirements for a successful claim under the New Jersey Trademark Act, N.J.S.A. 56:4–1 or trademark infringement under New Jersey common law are the same." *Novartis Consumer Health, Inc. v. McNeil-PPC, Inc.*, No. 99-280, 1999 WL 707721, at *4 (D.N.J. Sept. 13, 1999). Likewise, "[a] claim for unfair competition under the New Jersey Unfair Competition Act, [N.J. Stat. Ann. §] 56:4-1, et seq., tracks federal law" and a Plaintiff must satisfy the same elements as a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). *Adams Techs. LLC v. Well Shin Tech. Co.*, No. 18-10513, 2020 WL 2125007, at *2 (D.N.J. May 5, 2020).

18.    Because Plaintiffs have established claims under their federal counterparts, Plaintiffs have stated claims for trademark infringement under the New Jersey Trademark Act, the New Jersey common law, and for unfair competition under the New Jersey Unfair Competition Act.

19.    To successfully plead a claim for tortious interference with contract, a party must allege "(1) an existing contractual relationship; (2) intentional interference with that relationship; (3) the malicious nature of the interference; and (4) damages resulting from the interference." *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237, 1247 (D.N.J. 1994).

20.    Thus, Plaintiffs have stated facts sufficient to establish their claim for interference with contractual relations under New Jersey common law.

21.     In exercising its discretion in determining whether default judgment is appropriate, the district court must consider (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015) (citation omitted).

22.     The above factors are satisfied because (1) Mi Tierra has never participated in this matter and thus has provided no meritorious defense, (2) Plaintiffs have no other means to seek relief for the harm Mi Tierra caused and is causing by selling the Infringing Vegetable Oil. Mi Tierra's conduct risks damage to Plaintiffs' business reputation and good will, and (3) Mi Tierra has failed to appear which permits the Court to infer culpability

Statutory Damages

23.     As a remedy for infringement, a plaintiff can elect to recover actual damages or statutory damages. *See* 15 U.S.C. § 1117(c).

24.     Where a plaintiff elects to recover statutory damages, it a plaintiff may recover "(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just"; or "(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id.*  Courts have wide discretion when evaluating appropriate damages, and may consider deterrence. *Coach, Inc.*, 2011 WL 1211390, at *6.

25.     In a similar case involving the same Mi Tierra defendant, the Plaintiff requested and this Court awarded $25,000 in statutory damages per each of two defendants. *Tri-Union Seafoods, LLC v. Ecuatorianita Import & Export Corp.*, No. 20-9537, 2021 WL 1541054 (D.N.J. Apr. 20, 2021).

10

127877790.3

26.     In cases where distribution of infringing goods is not widespread, courts have awarded $10,000 in statutory damages per infringement. *See, e.g.*, *Coach, Inc.*, 2011 WL 1211390. La Fabril has indicated it is not certain of the size and scope of Mi Tierra's counterfeiting operation, but the nature of the business of Mi Tierra is typically done on a wholesale level.

27.     Additionally, Mi Tierra has been involved with distributing the Infringing Vegetable Oil over a prolonged period of time (at least since 2018), despite receiving cease and desist letters from La Fabril alerting it to its infringement. *See* Complaint, Exhibit A.

28.     Accordingly, statutory damages in the amount of $50,000 are warranted as Mi Tierra's activities are willful, prolonged and not similar to traditional, single retail stores.

Attorneys' Fees and Costs

29.     The Lanham Act entitles a plaintiff who prevails in an action for trademark infringement, brought under 15 U.S.C. § 1125(a) or (d), or for willful infringement, pursuant to 15 U.S.C. § 1125(c), to recover the costs of the action." *Delta Air Lines, Inc. v. Fly Tech, LLC*, No. 16-2599, 2018 WL 1535231, at *5 (D.N.J. Mar. 29, 2018) (citing 15 U.S.C. § 1117(a)).

30.     Generally, a trademark case is exceptional for purposes of awarding attorneys' fees where the infringement is willful. *Securacomm Consulting, Inc. v. Secwacom Inc.*, 224 F.3d 273, 280 (3rd Cir. 2000).

31.     Because Mi Tierra's conduct was willful, and it has failed to answer or otherwise respond to the complaint, this Court finds this an exceptional case under the Lanham Act entitling Plaintiffs to reasonable attorneys' fees.

Injunctive Relief

32.     A court may issue a permanent injunction in the context of a default judgment where a plaintiff can demonstrate (1) irreparable injury; (2) remedies available at law, such as monetary damages, are insufficient to compensate for its injury; (3) the balance of hardships

127877790.3

between the plaintiff and the defendant favors a remedy in equity; and (4) the public interest would not be disserved by a permanent injunction. *E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014), citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

33.     Irreparable injury can be established, among other things, by "loss of control of reputation, loss of trade, and loss of goodwill." *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 378 (3rd Cir. 1992); *see also Luxottica Grp. S.p.A. v. Accessory Consultants LLC*, No. 19-11732, 2020 WL 1910378, at *7 (D.N.J. Apr. 20, 2020) ("Infringement based on a likelihood of confusion is tantamount to a finding of irreparable injury.")

34.     Here, both Plaintiffs have established an irreparable injury as due to Mi Tierra's actions.  Plaintiffs have suffered injury to their goodwill and a loss of control of their reputation. The harm is imminent because Mi Tierra's infringing conduct is ongoing. Additionally, the balance of hardships favors Plaintiffs, who have suffered and will continue to suffer harm to their goodwill and reputation absent an injunction. On the other hand, Mi Tierra has no right or authority to sell the Infringing Vegetable Oil and any harm is minimal. Finally, the public interest favors an injunction because there is a likelihood of confusion among the Infringing Vegetable Oil and authentic LA FAVORITA ACHIOTE® Vegetable Oil, and the Infringing Vegetable Oil contains false statements that are material to purchasers.

35.     A permanent injunction against Mi Tierra is proper, and granted.

**IT IS THEREFORE on this 20th day of December, 2021, ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Default Judgment is **GRANTED**, and **FINAL JUDGMENT BY DEFAULT** be and hereby is entered in favor of Plaintiffs and against Defendant Mi Tierra

127877790.3

Foods , LLC, and the Clerk is directed to enter Final Judgment with an award of statutory damages, permanent injunctive relief and attorney's fees on the docket as follows:

1.      Judgment is entered against Mi Tierra and in favor of La Fabril for payment of statutory damages in the amount of $50,000.

2.      Attorney's fees are awarded in favor of Plaintiffs in an amount to be determined by the Court. Counsel for Plaintiffs shall file a certification of the total amount of fees and costs incurred in connection with the prosecution of this matter within 14 days of entry of the Final Judgment.

3.      Defendant, Mi Tierra, including all of its agents, representatives, officers, directors, employees, attorney and anyone acting on its behalf or behest, be and hereby is permanently enjoined from the following:

a) Making, repackaging, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing in any manner, any counterfeit or infringing LA FAVORITA ACHIOTE® Vegetable Oil, or any vegetable oil products bearing:

i. Infringing or counterfeit versions of the LA FAVORITA ACHIOTE® Trademark, which appear alone or in combination with other source identifiers on all LA FAVORITA ACHIOTE® Vegetable Oil distributed by Plaintiffs in the United States; and/or

ii. Any false statement that such products are distributed, or otherwise manufactured under the control or supervision of La Fabril and/or Family Food;

b) Making, repackaging, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing , in any manner, any purported La Fabril and/or Family Food products that are not actually produced, packaged, imported, or distributed under La Fabril and/or Family Food's control or supervision, or approved for sale in the United States by La Fabril and/or Family Food in connection with the LA FAVORITA ACHIOTE® Trademark;

c) Committing any acts calculated to cause purchasers to believe that counterfeit or infringing LA FAVORITA ACHIOTE® Vegetable Oil, are part of La Fabril and Family Food's supply chain, when they are not;

d) In any way infringing or damaging the LA FAVORITA ACHIOTE® Trademark;

127877790.3

e) Attempting, causing, or assisting in any of the above-described acts, including, but not limited to, enabling others in the above-described acts or passing on information to others to allow them to do so; and/or

f) Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or other distribution or disposal of any product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the LA FAVORITA ACHIOTE® Trademark.

This Court retains jurisdiction to enforce the terms and provisions and the permanent injunction ordered herein.

_____
Hon. Susan D. Wigenton, U.S.D.J.

14

127877790.3